FILED
2016 Dec-08  AM 10:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **GLENDA LOCKHART, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO.:** |
| ) | **5:16-cv-1699-MHH** |
| **ANA FRANKLIN, individually and** ) | |
| **in her official capacity as Sheriff of** ) | |
| **Morgan County, Alabama, et al.,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |

## RESPONSE TO MOTION TO DISMISS

COME NOW, the Plaintiffs, Glenda Lockhart and Straightline Drywall and Acoustical, LLC ("Straightline"), by and through their undersigned attorneys of record, and hereby respond to the Defendants' Motion to Dismiss, as follows:

## I.    INTRODUCTION

Defendants' brief in support of its Motion to Dismiss begins by telling a story about what motivated the subject search warrant and seizure of computers, as well as the current status of an investigation: "The computers were seized; its [sic] hard drives were mirrored and are currently being analyzed. The conduct of the unauthorized taking and disclosure of 'law enforcement sensitive documents' is

1

currently under criminal investigation." (Doc. 27, p. 2-3)[1] Defendants do not cite any statute that the Plaintiffs have been accused of violating, nor do they state who is investigating the Plaintiffs. The evidence compiled to date indicates that Defendants attempt to continue to use the veil of a supposed investigation to defend themselves for their unlawful actions.

As provided below, Defendants fail to state any proper legal basis for dismissal of Plaintiffs' First Amendment claims, Fourth Amendment claims, state law claims or claims arising under 18 U.S.C. § 2511. Moreover, discovery is needed to fully explore the motivations behind the search warrant and affidavit and the factual support for each of the Plaintiffs' claims and Defendants' defenses. As discussed below in response to each of Defendants' arguments, a complete dismissal of this action on Defendants' Motion to Dismiss is unsupported, and the Defendants' request to stay this lawsuit is due to be denied.

## II.   STANDARD OF REVIEW

When evaluating Defendants' Motion to Dismiss, the Eleventh Circuit presumes the truth of all factual allegations in Plaintiffs' Complaint. *United States v. Pemco Aerplex, Inc*., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc). The Court also construes Plaintiffs' allegations liberally because the issue is not whether Plaintiffs

---

[1] Defendants further assert that "most of [the Amended Complaint] is a continuation of the harassment shown by Lockhart towards Defendants". (*Id.)* This statement that Defendants are <u>victims</u> only underscores their character.

will ultimately prevail, but whether they are entitled to offer evidence to support their claims. *See Davis v. Monroe County Bd. of Educ*., 120 F.3d 1390, 1393 (11th Cir. 1997); *See also Conley v. Gibson*, 355 U.S. 41, 47 (1957) (stating that "all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). Once the claim is identified, the Court will not dismiss the complaint under Rule 12(b)(6) unless it concludes "that the Plaintiff can prove no set of facts in support of the claim that would entitle it to relief." *St. Joseph's Hosp., Inc., v. Hospital Corp. of America*, 795 F.2d 948 (11th Cir. 1986).

## III.   ARGUMENT

### A.   Plaintiffs' First Amendment retaliation claim should be allowed to proceed.

"An individual has a viable First Amendment claim against the government when he is able to prove that the government took action against him in retaliation for his exercise of First Amendment rights." *Lozman v. City of Riviera Beach*, 39 F.Supp3d 1392, 1405 (S.D.Fla.2014); *citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 283–284, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). "To prove causation, a plaintiff must prove that his speech was the "but-for" cause of the allegedly retaliatory action, Fairley v. Andrews, 578 F.3d 518 (7th Cir.2009), which may be accomplished with proof of: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory act, or (2) a pattern of

antagonism coupled with timing to establish a causal link." *Lozman*, 39 F.Supp3d at 1405, citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir.2007); *Hunt–Golliday v. Metropolitan Water Reclamation Dist. of Greater Chicago*, 104 F.3d 1004 (7th Cir.1997) (pattern of criticism and animosity by supervisors following protected activities supported existence of causal link in Title VII retaliation claim).

Plaintiffs have properly pled a First Amendment retaliation for which relief may be granted under FRCP Rule 12(b). The Amended Complaint demonstrates the required proximity between the protected activity and the retaliatory act, as well as a pattern of antagonism coupled with timing.

While Defendants correctly cite the standard for retaliation against free speech under the First Amendment in their brief, the only challenge made by Defendants to this claim is under the false foundation that Plaintiffs assert retaliatory arrest, or retaliatory prosecution claims. They have asserted neither. Defendants argue that, because a search warrant was actually issued, there was a finding of probable cause – and, with a finding of probable cause, Plaintiffs' claim for First Amendment retaliation cannot exist.

Notably, each of the cases cited by the Defendants involve alleged retaliatory *prosecutions* or *arrests*. *See Reiche v. Howards*, 132 S. Ct. 2088, (2012); *Wood v. Kesler*, 323 F.3d 872 (11th Cir. 2003); *Phillips v. Irvin*, 222 Fed. Appx. 928 (11th

Cir. 2007)); *Hartman v. Moore*, 547 U.S. 250 (2006).   Here, no arrest of either Plaintiff in this case has been made, and Defendants' asserted defenses are inapplicable. None of the cases cited by Defendant discuss the effect of the improper extended retention of property, the improper destruction of property or the improper handling and loss of property resulting from the unlawful execution of a search warrant in the face of critical yet protected speech, as alleged by Plaintiffs. *See Hudson v. Michigan,* 126 S.Ct. 2159, 2170 (2006) ("Destruction of property in the course of a search may violate the Fourth Amendment, even though the entry itself is lawful and the fruits of the search are not subject to suppression"); *citing U.S. v. Ramirez*, 118 S.Ct. 992 (1998). *See also Williams v. Alford*, 647 F.Supp. 1386 (M.D. Ala. 1986) (holding "conduct of police officers in executing a search warrant is always subject to judicial review as to its reasonableness"); *Dalia v. United States*, 441 U.S. 238 (1979).

Plaintiffs have properly pled First Amendment retaliation against Defendants for their actions in executing the search warrant, as stated above. The only challenge by Defendants to these claims relates to the premise that Plaintiffs has lodged allegations of retaliatory prosecution or retaliatory arrest, which is evidently not the case here.

Finally, it is important to note that Defendants do not assert qualified immunity with respect to Plaintiffs' First Amendment retaliation claims. For this

reason, Plaintiffs do not address any such immunity herein.

**B.    Defendants do not enjoy qualified immunity with respect to Plaintiffs' Fourth Amendment claim.**

As provided above, Plaintiffs assert Defendants' improper extended retention, improper destruction and improper handling and loss of property resulting from the unlawful execution of a search warrant in the face of critical yet protected speech. Defendants argue that they each enjoy qualified immunity with respect to Plaintiffs' Fourth Amendment claims. However, at a minimum, this issue is not ripe for consideration until discovery in this matter is complete. Plaintiffs' allegations contain facts which are violative of policies, procedures and practices of the Morgan County Sheriff's Department.   Otherwise stated, the Defendants actions were willful, malicious, fraudulent, in bad faith, or beyond his or her authority.  Discovery must be conducted to present specific policies, procedures and/or practices which were violated by the Defendants.

As provided above, "[o]fficers may incur liability under 42 U.S.C. § 1983 if the warrant is executed in an unreasonable manner." *Williams v. Alford*, 647 F.Supp. 1386, 1389 (M.D. Ala. 1986); *citing Duncan v. Barnes*, 592 F.2d 1336, 1338 (5th Cir.1979). "The test of reasonableness under the Fourth Amendment is a balancing test. 'Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted.'" *Williams*, at 1389; *citing Bell v. Wolfish*, 99 S.Ct. 1861, 1884 (1979);

6

*quoted in Gilmere v. City of Atlanta*, 774 F.2d 1495, 1502 (11th Cir.1985), cert.

denied, 106 S.Ct. 1970 (1986).

Defendants admit that the burden rests on them to prove that they acted within

their discretionary authority, and they admit that they must show "objective

circumstances which would compel the conclusion that his actions were undertaken

pursuant to the performance of his duties and within the scope of his authority." *Rich*

*v. Dollar*, 841 F.2d 1558, 1564 (11th Cir. 1988) (*quoting Barker v. Norman*, 651 F.2d

1107, 1121 (5th Cir. 1981)).

As the justification for their actions, Defendants assert:

> Defendants were investigating the removal, release, and dissemination
> of confidential governmental records.  The Defendants obtained a
> search warrant from Morgan County Circuit Court Judge Glen
> Thompson.  (Doc. 22, ¶¶ 18–19.)  Based on this warrant Deputies
> Wilson, Smith and Robinson search Straightline's premises and seized
> the computers and electronic devices therein.  (Doc. 22 ¶ 20.)  These
> actions are typical and were taken pursuant to the Deputies duties as
> law enforcement officers to investigate and ferret out crime.

(Doc. 27, p. 17).[2]

Predictably, as the basis for their actions, Defendants offer no justification as

to why Plaintiff's property was retained for an unreasonable length of time, why it

was damaged and in some cases destroyed, or why certain documents and records

---

[2] No affidavit has been provided to support Defendants' assertion that their "actions
are typical and were taken pursuant to the Deputies duties as law enforcement
officers to investigate and ferret out crime." As a result, this conclusory statement
should be given no weight on this Motion to Dismiss.

have not yet been returned to Plaintiffs. Instead, Defendants again attempt to convince this Court that the "investigation" and subsequent execution of a warrant must be proper since a warrant was issued, regardless of the facts and circumstances surrounding its issuance and execution.

While the Plaintiffs do argue that the warrant in this case was issued under false and misleading pretenses and was thus improper, their argument and claims do not stop there. As this Court previously recognized in its *Younger* analysis (Doc. 10), the thrust of Plaintiffs' claims center around the manner in which the subject warrant was *executed*. Surprisingly, Defendants' brief in support of its motion to dismiss does nothing to rebut Plaintiffs' claims.

Based on the foregoing, Defendants' motion to dismiss Plaintiffs' Fourth Amendment claim is due to be denied. Alternatively, Plaintiffs request discovery regarding Defendants' actions in obtaining and carrying out the subject search warrant in order to review the reasonableness of Defendants' actions.

**C.     Plaintiff's Fifth Amendment claims.**

In the interest of judicial efficiency, Plaintiffs hereby abandon their claims raised under the Fifth Amendment.

**D.     Defendants do not enjoy state absolute immunity with respect to Counts II, III, and V (state-law intentional tort claims).**

Defendants assert absolute immunity from Plaintiffs' claims of intentional interference with contractual relations, civil conspiracy and invasion of privacy,

stating broadly, "All courts reviewing this issue have unanimously ruled that absolute immunity bars state-based tort claims against Alabama county sheriffs." (Doc. 27, p. 23). Defendants' contention is simply inaccurate.

In *White v. Birchfield*, 582 So.2d 1085 (Ala. 1991), the Alabama Supreme Court found that a deputy sheriff was not entitled to absolute immunity in action brought by arrestee alleging that the deputy sheriff negligently caused the plaintiff's personal injury. The *Birchfield* Court properly looked to the prior decision in *Phillips v. Thomas*, 555 So.2d 81, 83 (Ala. 1989), in finding "that questions regarding immunity of state officers should be addressed with regard to two issues":

> 1) whether the plaintiffs' suit against the appellees is, in effect, one against the State, thus affording the appellees absolute immunity from suit; and, if not, then 2) whether the appellees are entitled to substantive or qualified immunity from the plaintiffs' claim because they were engaged in the exercise of a discretionary public function.

*Phillips*, 555 So.2d at 83.

The *Birchfield* Court further stated, "In determining whether [the deputy sheriff] has absolute immunity in this case, this Court should consider 'such factors as the nature of the action and the relief sought.' We have consistently held that a state employee is not entitled to absolute immunity from claims based on personal injury allegedly caused by the employee's negligent conduct." *Birchfield, 582 So.2d* at 1086; citing *Phillips*, 555 So.2d at 83; *quoting Barnes v. Dale*, 530 So.2d 770, 783 (Ala.1988); *quoting DeStafney v. University of Alabama*, 413 So.2d 391, 395

(Ala.1981).

(Ala.1981).

In this case, Plaintiffs have alleged a variety of injuries, including damage to the property and business of the Plaintiffs, based on intentional torts. This Court must now determine whether Defendants acted outside the line and scope of employment. *See Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004) (granting immunity to a deputy sheriff alleged to have been acting in the course and scope of his duties).

In *Ex parte Estate of Reynolds*, 946 So.2d. 450, 452 (Ala. 2006), the Alabama Supreme Court reiterated the standard set forth in the seminal case *Ex parte Cranman*, 792 So. 2d 392 (Ala. 2000), for establishing state-agent immunity, as follows:

> This Court has established a "burden-shifting" process when a party raises the defense of State-agent immunity. *Giambrone v. Douglas*, 874 So.2d 1046, 1052 (Ala.2003). In order to claim State-agent immunity, a State agent bears the burden of demonstrating that the plaintiff's claims arise from a function that would entitle the State agent to immunity. *Giambrone*, 874 So.2d at 1052; *Ex parte Wood*, 852 So.2d 705, 709 (Ala.2002). If the State agent makes such a showing, the burden then shifts to the plaintiff to show that the State agent acted <u>willfully, maliciously, fraudulently, in bad faith, or beyond his or her authority</u>. *Giambrone*, 874 So.2d at 1052; *Wood*, 852 So.2d at 709; *Ex parte Davis*, 721 So.2d 685, 689 (Ala.1998). "A State agent acts beyond authority and is therefore not immune <u>when he or she 'fail[s] to discharge duties pursuant to detailed rules or regulations, such as those stated on a checklist.</u>' " *Giambrone*, 874 So.2d at 1052 (*quoting Ex parte Butts*, 775 So.2d 173, 178 (Ala.2000)).

(<u>Emphasis added</u>). In the present case, the Defendants acted "willfully, maliciously,

fraudulently, in bad faith, [and] beyond [their] authority" *Id.* This intent can be easily gleaned from the actions alleged in the Amended Complaint.

Moreover, it certainly seems likely that Defendants exceeded the scope of their authority by violating their own policies and procedures in executing the subject subpoena as alleged, which would also remove absolute immunity. In order to fully determine whether this is the case, the Plaintiffs should be allowed an opportunity for discovery regarding the policies and procedures in effect within the Morgan County Sheriff's Department.[3] Plaintiffs contend that a proper inquiry into state-agent immunity can only be made at the close of discovery in this action. Defendants have not established state-agent immunity at this stage of litigation. For these reasons, Plaintiffs' state law claims should be allowed to proceed.

### E.     Plaintiffs' official capacity claims.

In the interest of judicial efficiency, Plaintiffs hereby abandon their official capacity claims against Defendants.

### F.     Plaintiffs have adequately pled claims under 18 U.S.C. § 2511.

Plaintiffs' claims arising under 18 U.S.C. § 2511 are adequately pled and state a cause of action as required by FRCP Rule 12(b).[4] Without any discovery, Plaintiffs

---

[3] On December 2, 2016, Plaintiffs served a notice of intent to subpoena policy and procedure information from the Morgan County Sheriff's Department.
[4] It is noteworthy that Defendants do not deny the installation of the Software on Plaintiffs' electronic devices without a warrant as alleged. Defendants merely argue

cited an abbreviated, non-exhaustive list of specifications of the Ardamax Keylogger 4.6 software ("Software") in the Amended Complaint. This list was provided simply as a reference point. The extent of the Software's applications are currently unknown. Much more information about the Software is publicly available at https://www.ardamax.com/keylogger/.

Defendants attempt to have Plaintiffs' 18 U.S.C. § 2511(1)(a), (c) and (d) claims dismissed. With respect to Plaintiff's 18 U.S.C. § 2511(1)(a) claims, Defendants argue that there was no "interception" of Plaintiffs' electronic communications. Defendants hone in on one portion of the Software specifications to argue that there can be no "interception" because, they conclude, "the information could not be instantaneously intercepted by the Defendants, but instead, if the software was used to its fullest capability, Defendants could only get a log of activity and possible communications after the fact." (Emphasis added) (Doc. 27, p. 28)

The specifications alleged in the Amended Complaint, however, demonstrate that the Software immediately recorded "websites visited for all browsers", "webcam pictures" and Plaintiffs' "typed keystrokes, passwords and hidden characters".

Defendants' conclusion is further contradicted by those more detailed

---

that the secretive Software installation and surveillance do not constitute a violation of 18 U.S.C. § 2511.

specifications of the Software found on the Software website. It is publicly known that the Software has the ability to intercept electronic communications and in real time and immediately provide that information to the "admin", giving the admin immediate access to that information.[5] (See https://www.ardamax.com/keylogger/.)

As provided above, it is currently unknown to Plaintiffs the extent to which the electronic communications illegally intercepted by Defendants were disclosed to any other person or used in Defendants' "investigation" of Plaintiffs, as provided in 18 U.S.C. § 2511(1) (c) and (d). However, Plaintiffs have properly pled both causes of action and should be allowed to engage in the discovery process to determine the extent of Defendants' disclosure and use of the electronic communications under 18 U.S.C. § 2511(1) (c) and (d).

Certainly, Defendants would not have undertaken to install the Software on Plaintiffs' electronic devices if they did not intend to use the information gathered or disclose the information to others within the Morgan County Sheriff's Department.

Based on the foregoing, Defendants' motion to dismiss Plaintiffs' causes of action under 18 U.S.C. § 2511(1) is due to be denied. However, to the extent that this Court finds the Plaintiffs have not properly pled any violation of 18 U.S.C. §

---

[5] There are several questions that will need to be answered in discovery – among them - (1) who was the "admin"? (2) what information was collected, (3) how was the information used? (4) why was a lawful warrant not obtained?

2511(1)(a), Plaintiffs respectfully seek leave of Court to do so.

**G.    Plaintiffs' equitable relief claims.**

In the interest of judicial efficiency, Plaintiffs hereby abandon their equitable claims against Defendants.

**H.    This case should not be stayed.**

This Court has already ruled in this case that it has jurisdiction to hear this case, and it has already exercised its jurisdiction in connection with Plaintiffs' application for a temporary restraining order. There is no evidence that any criminal investigation is actually ongoing at this time, or that there is a likelihood of Plaintiffs being indicted, other than threats and innuendo from Defendants. In their brief, Defendants seek to make Plaintiffs' arguments for them against self-incrimination in order to abate this action. However, Plaintiffs choose to proceed in this action.

## IV.   CONCLUSION

Plaintiffs are entitled to damages for the unlawful action undertaken by Defendants and fully intend to assert their rights in this action. For these reasons, Plaintiffs respectfully request that this Court deny Defendants request to stay this action pending a so-called criminal investigation.

WHEREFORE, premises considered, Plaintiffs respectfully request this Court to deny Defendants' Motion to Dismiss  as provided herein and decline to stay these proceedings.

Respectfully submitted,


  /s/ Brandy M. Lee
Brandy M. Lee


  /s/ Brice M. Johnston
Brice M. Johnston

Counsel for Plaintiff



OF COUNSEL:

Lee Law Firm, LLC
403 Ninth Avenue
Jasper 35501
Phone: (205) 328-9445
Fax: (800) 856-9028

Johnston Law Firm, P.C.
2100 First Avenue North
Suite 600
Birmingham, Alabama 35203
Phone: (205) 328-9445
Fax: (800) 856-9028



CERTIFICATE OF SERVICE

I certify that on December 8, 2016, a copy of this pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record via the court's electronic filing system.

J. Randall McNeill

Barnes F. Lovelace

/s/ Brice M. Johnston
OF COUNSEL