# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISCOVERY OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **GLENDA LOCKHART and STRAIGHTLINE DRYWALL & ACOUSTICAL, LLC,** | )<br>)<br>) |
| Plaintiffs, | ) |
| v. | ) Case No.: 5:16-cv-1699-MHH |
| **ANA FRANKLIN; ROBERT WILSON; BLAKE ROBINSON; JUSTIN POWELL,** | )<br>)<br>) |
| Defendants. | ) |

## DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

COMES NOW the Defendant, Sheriff Ana Franklin, and requests this Honorable Court to dismiss the state law claims (Counts Two, Three, Five, and Six) of the plaintiff's third amended complaint previously filed against her pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, in that those counts of the amended complaint fail to state a cause of action against this defendant for which relief may be granted, and the Court lacks subject matter jurisdiction for these purported claims. In support of this motion, your defendant would state as follows:

1. The defendant, Ana Franklin, is the duly elected sheriff of Morgan County, Alabama. (Doc. 79, ¶ 3).

2. Sheriffs in Alabama are *absolutely* immune from suits for damages based upon their official acts, by virtue of their positions as executive officers of the State of Alabama. *See, Alabama Constitution of 1901,* Article V, Section 112, and Article I, Section 14; *and, McMillian v. Monroe County, Alabama,* 520 U.S, 781, 117 S.Ct. 1734 (1997). *See, also*, *Tinney v. Shores*, 77 F.3d 378, 382 (11th Cir. 1996) ("Under Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state."); *and*, *Johnson v. Conner*, 720 F.3d 1311, 1313 (11th Cir., 2013) ("Pursuant to its state constitution, Alabama grants sovereign immunity to its state executive officers. *Ala. Const. art. I, § 14*. Section 14 provides that the State of Alabama shall never be made a defendant in any court of law or equity. *Id*. Under Alabama law, sheriffs and deputy sheriffs are considered executive officers of the state, and are therefore immune from suit in both their official and individual capacities.").

3. Because a suit against the Sheriff is viewed as a suit against the state, the court lacks subject-matter jurisdiction over the dispute and is compelled to dismiss the action. *See, Ex Parte Blankenship*, 893 So.2d 303, at 306-307 (Ala. 2004) ("Because the complaint purported to effect an action against the State in violation of § 14, Ala. Const. 1901, the trial court acquired no subject-matter jurisdiction over this action. 'Lacking subject matter jurisdiction [a court] may take no action other

than to exercise its power to dismiss the action .... Any other action taken by a court lacking subject matter jurisdiction is null and void.'").

4. Additionally, because "'[i]t is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent,'" the Eleventh Amendment to the United States Constitution restricts federal courts from exercising jurisdiction over suits by citizens against a state or a state agent. *See*, *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54, 116 S.Ct. 1114, 1122, 134 L.Ed.2d 252 (1996), quoting *The Federalist No. 81*, p.487 (C. Rossiter ed. 1961) (A. Hamilton), and citing, *Hans v. Louisiana*, 134 U.S. 1, 13, 10 S.Ct. 504, 506, 33 L.Ed. 842 (1890). "For over a century we have reaffirmed that federal jurisdiction over suits against unconsenting States 'was not contemplated by the Constitution when establishing the judicial power of the United States.'" *Hans, supra,* at 15, 10 S.Ct., at 507. *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54, 116 S. Ct. 1114, 1122, 134 L. Ed. 2d 252 (1996). Thus, the state law claims against the defendant must be dismissed for lack of jurisdiction.

WHEREFORE, THE PREMISES CONSIDERED, the Defendant respectfully requests that the state law claims be dismissed in that the complaint fails to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and that the Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted this the 23rd day of May, 2018.

/s/ Robert Spence
Robert Spence (ASB-8201-s58r)
Attorney for the Defendant
Tuscaloosa County, Alabama

OF COUNSEL:

ROSEN HARWOOD, PA
2200 Jack Warner Parkway
Suite 200
Tuscaloosa, Alabama   35401
(205) 344-5000
(205) 758-8358 (facsimile)
rspence@rosenharwood.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties.

/s/ Robert Spence
Robert Spence (SPE 019)
Attorney for the Defendant
Tuscaloosa County, Alabama