FILED
2018 May-25 PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **GLENDA LOCKHART and STRAIGHTLINE DRYWALL & ACOUSTICAL, LLC,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 5: 16-cv-01699-MHH |
| **ANA FRANKLIN, individually and in her official capacity as Sheriff of Morgan County, Alabama,** *et al.* | ) ) ) ) | |
| Defendants. | ) | |

### DEFENDANTS' PARTIAL MOTION TO DISMISS
### PLAINTIFF'S THIRD AMENDED COMPLAINT

COME NOW Defendants Robert Wilson and Blake Robinson and request this Honorable Court to dismiss the state law claims named as Counts Two, Three, Five, and Six of the Plaintiffs' Third Amended Complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Defendants' allege that these four counts of the Third Amended Complaint fail to state a cause of action against these Defendants for which relief may be granted, and the court lacks subject-matter jurisdiction over these claims. In support of this Motion, these Defendants would show the following:

1. Defendants Robert Wilson and Blake Robinson are sheriff's deputies at the Morgan County Sheriff's Office.

2. Plaintiffs have sued Robert Wilson and Blake Robinson in their individual capacities.

3. Alabama sheriff's deputies have absolute immunity from suits for damages based upon their official acts. Article I, § 14 immunity is available to sheriffs and their deputies in both their individual and official capacities. *Tinney v. Shores*, 77 F. 3d 378, 388 (11th. Cir. 1996) ("Under Alabama law, sheriffs and deputy sheriffs, in their official capacities and individually, are absolutely immune from suit when the action is, in effect, one against the state."). Therefore, Plaintiffs' state law claims against Defendants Blake Robinson and Robert Wilson are due to be dismissed.

4. Furthermore, this Court lacks subject-matter jurisdiction over the dispute in this case and should dismiss this action. A complaint filed against sheriff's deputies is essentially an action against the State. *Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004). When a complaint purports "to effect an action against the State in violation of § 14, Ala. Const. 1901," the trial court does not acquire subject-matter jurisdiction over that action. *Id.* at 307. When a court lacks subject-matter jurisdiction over an action, the court can take no action other than to exercise its power to dismiss the action. *Id.*

5.      The Eleventh Amendment to the United States Constitution prohibits federal courts from exercising jurisdiction over suits by citizens against a state or a state agent. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) ("[A] suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief."); *see also Hans v. Louisiana*, 134 U.S. 1, 13 (1890) ("It is inherent in the nature of sovereignty not to be amendable to the suit of an individual without its consent."). Therefore, this Court lacks subject-matter jurisdiction over the state law claims alleged against these defendants.

WHEREFORE, premises considered, Defendants Robert Wilson and Blake Robinson request this Court dismiss the state law claims against them pursuant to Rule 12(b)(6) and Rule 12(b)(1), in that the complaint fails to state a claim upon which relief may be granted and this Court lacks subject-matter jurisdiction over this matter.

Respectfully submitted this the 25th day of May 2018.

> */s/S. Mark Dukes*
> S. MARK DUKES (ASB-9697-U77S)
> RICK A. HOWARD (ASB-9513-W79R)
> APRIL W. MCKAY (ASB-5653-P76W)
> MORGAN B. BECKMAN (ASB-3529-T81J)
> Counsel for Defendants Robert Wilson,
> Blake Robinson, and Justin Powell

OF COUNSEL:
*Holtsford, Gilliland, Higgins, Hitson & Howard, P.C.*
Post Office Box 4128
Montgomery, Alabama 36103-4128
Telephone:  334-215-8585
Facsimile:  334-215-7101
E-mail:     *mdukes@hglawpc.com*
            *rhoward@hglawpc.com*
            *amckay@hglawpc.com*
            *mbeckman@hglawpc.com*

## CERTIFICATE OF SERVICE

I hereby certify that an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

**Plaintiffs' Counsel:**
Brandy M. Lee, Esq.
*Lee Law Firm, LLC*
403 Ninth Avenue
Jasper 35501
*brandy@leelawfirmllc.com*

Brice M. Johnston, Esq.
*Johnston Law Firm, P.C.*
2100 First Avenue North, Suite 600
Birmingham, Alabama 35203
*brice@johnstonfirmpc.com*

**Defendants Counsel:**
J. Randall McNeill, Esq.
Jamie Helen Kidd, Esq.
*Webb & Eley, PC*
P.O. Box 240909
Montgomery, AL 36124
*rmcneill@webbeley.com*
*jkidd@webbeley.com*

John David Gray, Esq.
*Gray & Associates, LLC*
3800 Colonnade Parkway, Suite 350
Birmingham, AL 35243
*jdg@grayattorneys.com*


**Defendant Franklin's Counsel:**
Robert M. Spence, Esq.
*Rosen Harwood, PA*
P.O. Box 2727
Tuscaloosa, AL 35403-2727
*rspencegroup@rosenharwood.com*


**Assn. of County Commissions**
**of Ala. Liability Self-Insurance Fund., Inc. Counsel:**
Stewart L. Howard, Esq.
Kenneth Paul Murray, Esq.
*Howard Festa, LLP*
P.O. Box 1903
Mobile, AL 36633
*showard@howardfesta.com*
*kmurray@howardfesta.com*

on this the 25th day of May 2018.


			*/s/S. Mark Dukes*
			OF COUNSEL