UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **GLENDA LOCKHART** and **STRAIGHTLINE DRYWALL & ACOUSTICAL, LLC,** | }<br>}<br>}<br>} |
| Plaintiffs, | }<br>} |
| v. | } Case No.: 5:16-cv-1699-MHH<br>} |
| **ANA FRANKLIN, ROBERT WILSON, BLAKE ROBINSON,** and **JUSTIN POWELL,** | }<br>}<br>}<br>} |
| Defendants. | } |

## MEMORANDUM OPINION AND ORDER

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant Ana Franklin has asked the Court to dismiss from the plaintiffs' third amended complaint the state law claims against her. (Doc. 97). Ms. Franklin is the sheriff of Morgan County, Alabama. As such, she contends that she is "*absolutely* immune from suits for damages" based upon her official acts by virtue of her position as an executive officer of the State of Alabama. (Doc. 97, p. 2) (emphasis in motion).

Under Rule 12(b)(1), a district court must dismiss a claim over which it lacks subject matter jurisdiction. Rule 12(b)(6) enables a defendant to move to

dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed. R. Civ. P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, at *1 (M.D. Ala. Mar. 26, 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In deciding a Rule 12(b)(6) motion to dismiss, a district court must view the allegations in a complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). A district court must accept well-pled facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).

Under Article I, § 14 of the Alabama Constitution, an Alabama sheriff is immune from state law claims for damages when the conduct that forms the basis of the state law claims was "performed within the course and scope of the officer's employment." *Ex parte Davis,* 930 So. 2d 497, 500-01 (Ala. 2005). A sheriff is

not immune from state law claims based on conduct that is outside of the "course and scope" of the sheriff's employment, such as conduct "undertaken for some personal motive to further some personal interest and not as a part of [her] duties." *Davis*, 930 So. 2d at 501. Accepting the allegations of the plaintiffs' complaint as true, the plaintiffs' state law claims against Sheriff Franklin are based on conduct "undertaken for some personal motive to further some personal interest" and not as a part of Sheriff Franklin's official duties. *Davis*, 930 So. 2d at 501.

The plaintiffs have sued Sheriff Franklin in her individual capacity. (Doc. 79, ¶ 3). The plaintiffs allege that plaintiff Glenda Lockhart regularly blogged about Sheriff Franklin's involvement in purported public corruption. (Doc. 79, ¶¶ 10, 19). The plaintiffs contend that Sheriff Franklin "wanted [Ms. Lockhart's] Whistleblower Blog shut down," and Sheriff Franklin wanted to arrest Ms. Lockhart. (Doc. 79, ¶ 24). The plaintiffs allege that Sheriff Franklin, working with some of her deputy sheriffs, embarked upon a campaign to develop information that would give Sheriff Franklin the means to arrest Ms. Lockhart and silence the Whistleblower Blog. That campaign allegedly involved intimidation, bribery, and other misconduct. (Doc. 79, pp. 21-28).

Sheriff Franklin's effort purportedly culminated in a warrant request for plaintiff Straightline's office; the warrant application allegedly contained fraudulent information. (Doc. 79, ¶ 68). Pursuant to that warrant, Sheriff Franklin

3

and the other defendants purportedly seized every computer and electronic device at Straightline and later returned many of the devices in a damaged or inoperable condition. (Doc. 79, ¶¶ 69, 72). Moreover, according to the plaintiffs, Sheriff Franklin and the other defendants did not return many of the devices that the defendants seized. (Doc. 79, ¶ 73).

The plaintiffs allege that Sheriff Franklin and her co-defendants acted "in an effort to suppress and retaliate against Lockhart's lawful speech made in the Whistleblower Blog. The Defendants' actions were made willfully, maliciously, fraudulently, in bad faith, beyond their respective authority, or under a mistaken interpretation of the law." (Doc. 79, ¶ 79). The plaintiffs include additional factual allegations in their third amended complaint, but the allegations summarized here are enough to address Sheriff Franklin's motion to dismiss.

Sheriff Franklin has cited no authority for the proposition that a sheriff acts within the line and scope of her employment when she engages in bribery, intimidation, and other misconduct to silence a private citizen who has been publicly critical of the sheriff. The Court is aware of no such authority. *See generally Cooper v. Smith*, 2013 WL 252382 (M.D. Ala. 2013). Accepting the allegations of the third amended complaint as true, the Court finds that Sheriff Franklin cannot establish at this phase of the litigation that she is entitled to

absolute immunity from the plaintiffs' state law claims for damages.  Therefore, the Court denies Sheriff Franklin's motion to dismiss.

**DONE** and **ORDERED** this 10th day of December, 2018.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE